UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| SEARS HOME IMPROVEMENT ) | |
| PRODUCTS, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

The United States of America, by and through the undersigned attorneys, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

**NATURE OF ACTION**

1. This is a civil action brought against Sears Home Improvement Products, Inc. ("SHIP" or "Defendant") for violations of Sections 402(c), 406(b), and 407 of Title IV of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2682(c), 2686(b), and 2687, and the regulations promulgated thereunder, codified at 40 C.F.R. Part 745, Subpart E ("Residential Property Renovation Rule" or "RRP Rule"). The RRP Rule is intended to ensure that owners and occupants of target housing and child-occupied facilities receive information on lead-based paint hazards before renovations begin, that individuals performing such renovations are properly trained and certified, and that specified work practices are followed during the renovations to reduce the potential for lead-based paint exposure.

2.      The United States seeks an injunction ordering Defendant to comply with TSCA and its implementing regulations.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355; Section 17 of TSCA, 15 U.S.C. § 2616; and over the parties to this action.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1395(a), because the Defendant resides in the Northern District of Illinois.

## DEFENDANT

5.      Defendant is a Florida corporation located at 1024 Florida Central Parkway Longwood, Florida 32750, registered to do business in the State of Illinois. Defendant is part of the Sears Home Services division, within Sears Holdings Corporation. Defendant has 58 district offices and does business in 45 states, including Illinois. Defendant, through its network of third-party contractors, has performed numerous compensated renovations of pre-1978 housing in the United States, including renovations in buildings located in the Northern District of Illinois.

## STATUTORY AND REGULATORY BACKGROUND

6.      In 1992, Congress enacted the Residential Lead-Based Paint Hazard Reduction Act, Pub. L. 102-550 (October 28, 1992; 106 Stat. 3910), also referred to as Title X of the Housing and Community Development Act of 1992. This law amended TSCA by adding a new Title IV, entitled "Lead Exposure Reduction."

7. EPA has promulgated regulations to implement Title IV of TSCA. The Residential Property Renovation Rule (often referred to as the "RRP Rule") is codified at 40 C.F.R. Part 745, Subpart E. The purpose of the rule is to reduce the risk of lead exposure that can occur during property renovations by ensuring that owners and occupants of pre-1978 housing are informed of lead-based paint hazards before renovations begin and by establishing training and certification requirements and work practice standards for certain renovations performed for compensation in target housing and in child-occupied facilities.

8. The RRP Rule requires renovators or firms that perform renovations of pre-1978 housing for compensation to provide a lead-hazard information pamphlet entitled "Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools" to the owner and occupant of such housing prior to commencing the renovation. 40 C.F.R. § 745.81(b). Among other things, the pamphlet describes "the risks of lead exposure for children under 6 years of age, pregnant women, women of childbearing age, persons involved in home renovation, and others residing in a dwelling with lead-based paint hazards; [and] describe the risks of renovation in a dwelling with lead-based paint hazards . . . ."

9. The RRP Rule requires that all renovations for compensation must be performed by certified firms. 40 C.F.R. § 745.89. In addition, each renovation project covered by the RRP Rule must be performed and/or directed by an individual who has become a certified renovator by successfully completing renovator training from an accredited training provider. 40 C.F.R. § 745.90(a). The certified renovator is responsible for ensuring compliance with the work practice standards set forth in the regulations and must perform or direct certain critical tasks

during the renovation, such as posting warning signs, establishing containment of the work area, and cleaning the work area after the renovation. 40 C.F.R. § 745.90(b).

10. The RRP Rule requires firms performing renovation activities to keep certain records. Among the recordkeeping requirements are the following:

- 40 C.F.R. § 745.84(a)(1) provides that: "No more than 60 days before beginning renovation activities in any residential dwelling unit of target housing, the firm performing the renovation must (i) obtain, from the owner, a written acknowledgment that the owner has received the pamphlet or ii) obtain a certificate of mailing at least 7 days prior to the renovation."

- 40 C.F.R. § 745.86(b)(6) provides that certain records must be retained, including: "Documentation of compliance with the requirements of § 745.85, including documentation that a certified renovator was assigned to the project, that the certified renovator provided on-the-job training for workers used on the project, that the certified renovator performed or directed workers who performed all of the tasks described in § 745.85(a), and that the certified renovator performed the post-renovation cleaning verification described in § 745.85(b)."

- 40 C.F.R. § 745.87(b) provides that failure to establish and maintain records or to make available or permit access to or copying of records, as required by this subpart, is a violation of Sections 15 and 409 of TSCA (15 U.S.C. §§ 2614 and 2689).

11. Under 40 C.F.R. § 745.84 and § 745.86, compensated renovators are required to provide a lead hazard information pamphlet to the owner and occupant of pre-1978 housing no more than 60 days prior to beginning renovation activities, and obtain from the owner a written acknowledgment, and/or obtain a certificate of mailing at least 7 days prior to renovation; and retain and make available to EPA, if requested, all records necessary to demonstrate compliance with 40 C.F.R. Part 745, Subpt. E, for a period of 3 years following completion of the renovation activities in pre-1978 housing.

12. Violation of a rule issued under Title IV of TSCA is a prohibited act under Section 409 of TSCA, 15 U.S.C. § 2689.

13. Section 17(a) of TSCA, 15 U.S.C. § 2616(a), provides district courts jurisdiction to restrain any violation of Section 409 of TSCA, 15 U.S.C. § 2689.

**CLAIMS FOR RELIEF**

14. The foregoing allegations are re-alleged and incorporated by reference.

15. Defendant is a "person" and a "firm" within the meaning of 40 C.F.R. § 745.83.

16. Defendant violated Sections 402(c), 406(b), and 407 of TSCA and its implementing regulations by:

a. Failing to retain for a period of 3 years following completion of the renovation activities, and failing to make available to EPA when requested, all records necessary to demonstrate compliance with 40 C.F.R. § 745.84(a)(1) (proof that pamphlet was provided) at compensated renovations in Chico, CA (Montclair Drive) and Richmond, CA (26th Street);

b. Failing to provide documentation required by 40 C.F.R. § 745.86(b)(6) (documentation that certified renovator was assigned; certification of compliance documentation; on the job training for workers; documentation of compliance with work practice standards; and/or documentation of post-cleaning verification) at the 71 compensated renovations in the following cities:  Alameda, CA (Haight Avenue;  San Antonio Avenue); Anaheim, CA (West Janeen Way;  South Kennmore Street;  East Almond Drive;  North Hanover;  South McCloud Street); Azusa, CA (East Lee Place); Bakersfield, CA(Oleander Avenue;  Pebble Beach Drive); Burbank, CA (North Avon Street); Chico, CA (Montclair Drive); El Cajon, CA (Suncrest Boulevard); Eureka, CA (Cottage Street;  H Street); Freemont, CA (Elm Street;  Hardwick Place); Hayward, CA (Belmont Avenue); La Crescenta, CA (Janet Lee Drive); Lockeford, CA (East Locke Road); Magalia, CA (Skyway); Meadow Vista, CA (Meadow Vista Road); Milpitas, CA (Capitol Avenue); Novato, CA (Donna Street;  Martinez Court); Pasadena, CA (Arbor Street;  East California Boulevard;  Las Lunas Street); Pleasanton, CA (Bristolwood Road); Richmond, CA (South 23rd Street; 15th Street;  Amador Street;  Carl Avenue;  30th Street;  26th Street;); Sacramento, CA (47th Street;  Serra Way;  Esmeralda Street;  Ford Road;  Chetwood Way;  Santa Ynez Way;  Quinby Way); San Bernadino, CA (West 27th Street;  North Stoddard Avenue); San Francisco, CA (Victoria Street;  Jennings Street;  Miramar Avenue;  Athens Street; Vale Avenue;  18th Avenue;  Vallejo Street;  Highland Avenue;  Highland Avenue (yes, 2); Santa Monica, CA (26th Street;  Kensington Road); Santa Rosa, CA (Yukon Drive; Glenbrook Drive); Stockton, CA (North Freesia Avenue; East Cherokee Road); Ukiah, CA (South Dora Street); Yorba Linda, CA (Rich Hill Way); Atlanta, GA (Glenwood Avenue SE; Ferry Heights Drive

SW; Spellman Street NW); Las Vegas, NV (Corral Circle; Sombrero Circle); North Las Vegas, NV (Crawford Street); Reno, NV (Royal Drive; Meadow Street); Brooklyn, NY (Avenue I); Madison, WI (LaCrosse Lane); and

    c.    Failing to establish and maintain records or to make available or permit access to or copying of records as required by 40 C.F.R. § 745.87(b) at 18 compensated renovations in Minneapolis, MN (Russell Avenue N; 42nd Avenue S; 29th Avenue S; Garfield Street NE; Morgan Avenue N; 17th Avenue N; 1606 Washburn Avenue N; Morgan Avenue S; 45th Avenue S; McKinley Street NE; Queen Avenue N; 11th Avenue S; 38th Avenue S; 33rd Street W; Colfax Avenue S; 13th Avenue S; Oakland Avenue; 6th Street N)

17.    As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

    i.    Issue a declaratory judgment finding that Defendant failed to comply with TSCA and its implementing regulations;

    ii.    Issue an order requiring that Defendant comply with TSCA and its implementing regulations; and

   iii.  Provide for any and all other relief that this Court deems just and proper.

              Respectfully submitted,

              FOR THE UNITED STATES OF AMERICA

              JOHN C. CRUDEN
              Assistant Attorney General
              Environment and Natural Resources Division
              United States Department of Justice

               /s/ James D. Freeman
              JAMES D. FREEMAN
              Senior Attorney
              Environmental Enforcement Section
              United States Department of Justice
              999 18th Street
              South Terrace, Suite 370
              Denver, CO 80202
              Tel: (303) 844-1489
              Fax: (303) 844-1350
              james.freeman2@usdoj.gov

OF COUNSEL:

AMOS PRESLER
Waste and Chemical Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

MARY T. McAULIFFE
Associate Regional Counsel
U.S. Environmental Protection
 Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604-3590